## IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE AT JACKSON

GREGORY STUART and
DENISE STUART,

Plaintiffs,

v.                                                          NO: 25-cv-01221

National Union Fire Insurance Company of Pittsburgh PA;        JURY DEMANDED
AIG Claims, Inc;
Travel Planners International, Inc. and Travel Guard
Group, Inc.

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND TO TENNESSEE STATE COURT

**COMES NOW** the Plaintiffs, Gregory Stuart and Denise Stuart, by and through their attorney of record, David W. Camp and submits this Memorandum in support of their Motion to Remand to Tennessee State Court.

## FACTS

1.      The Plaintiffs booked a trip through Alexander and Roberts travel agency for a vacation to Africa on or about January 23, 2024. The trip was to have taken place beginning August 19, 2024 and last until September 7, 2024.  That the Plaintiffs paid the sum of $32,061.67 for two people to make this trip.

2.      The Plaintiffs purchased a travel insurance plan on or about March 27, 2024 for the purpose of covering the costs of the trip if it was canceled. That upon information and belief, the underwriter for this plan was the Defendant, National Union Fire Insurance Company of Pittsburgh, PA.  That upon information and belief the administrator for

this plan was AIG Claims, Inc. That upon information and belief the licensed producer of this

plan was Travel Guard Group, Inc. That upon information and belief this plan was purchased

from Travel Guard Group, Inc. through Travel Planners International, Inc.

3.    That at the time of the filing of the State Court Action a search was conducted

with the Tennessee Secretary of State. That the Tennessee Secretary of State showed that the only

business entity named Travel Planners International, Inc. is a domestic corporation in the State of

Tennessee with its' registered agent for service of process being Ronnie Reiter Kendrick, 6074

Apple Tree Dr. 2, Memphis, TN 38115. The search also revealed that there was no listing of any

other entity named Travel Planners International Inc. registered to do business in the State of

Tennessee or being listed with the Tennessee Secretary of State.

4.    The Notice of Removal asserts that the unserved defendant Travel Planners

International Inc. is a foreign corporation and organized under the laws of the State of Florida.

(D.E. 1 Notice Page ID 4). There is no record of any foreign corporation named Travel Planners

International Inc. registered to do business in the State of Tennessee. There is no record of any

foreign corporation named Travel Planners International Inc. having a certificate of authority in

order to conduct business in the State of Tennessee. There is no record of any foreign corporation

named Travel Planners International Inc. designating a registered agent with a physical address

in Tennessee for acceptance of service of process. There is no record of any foreign corporation

named Travel Planners International Inc. filing a certificate of good standing from the State of

Florida;

5.    That federal subject matter jurisdiction requires complete diversity. 28 U.S.C.

1332. In this case there is not complete diversity because the plaintiffs are from Tennessee and

one of the defendants, Travel Planners International Inc. is a Tennessee domestic corporation.

6.    Accordingly, the State Court Action filed in this matter was filed in good faith and as of the time of the filing of the Notice of Removal service of process is still pending against Travel Planners International Inc. More importantly, Travel Planners International Inc. is still identified as a domestic corporation.

7.    The party invoking federal court jurisdiction has the burden of demonstrating by competent proof that the complete diversity requirements are met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

8.    The fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939). The failure to serve a defendant who would defeat diversity does not permit a court to ignore that defendant in determining the propriety of removal. *See, Finley v. Higbee Co.*, 1 F.Supp. 2d 701, 703 (N.D. Ohio 1997).

9.    It is undisputed that federal courts are courts of limited jurisdiction. The removal of this matter to federal court is improper because there is not complete diversity.

Respectfully submitted,

s/David W. Camp
David W. Camp (#013739)
CAMP & CAMP, PLLC
Attorney for Plaintiff
403 North Parkway, Suite 201
Jackson, Tennessee 38305
(731) 664-4499;
david@campattorney.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to:

Elle G. Kern
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN 37201

s/David W. Camp
DAVID W. CAMP, Atty.

Date: 10/02/2025