# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### AT JACKSON

| | |
|---|---|
| **GREGORY STUART and,**<br>**DENISE STUART,**<br><br>        **Plaintiffs,**<br><br>    **v.**<br><br>**NATIONAL UNION FIRE**<br>**INSURANCE COMPANY OF**<br>**PITTSBURGH PA,**<br>**AIG CLAIMS, INC., TRAVEL**<br>**PLANNERS INTERNATIONAL, INC.,**<br>**and TRAVEL GUARD GROUP, INC.,**<br><br>        **Defendants.** | **Case No. 1:25-cv-01221-STA-jay**<br><br>**JURY DEMANDED** |

## ANSWER OF DEFENDANTS NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, AIG CLAIMS, INC., AND TRAVEL GUARD GROUP, INC.

Defendants National Union Fire Insurance Company of Pittsburgh PA ("National Union"), AIG Claims, Inc. ("AIG Claims"), and Travel Guard Group, Inc. ("Travel Guard"), hereby state as follows for their Answer to Plaintiffs' Complaint:

1. The allegations in Paragraph 1 of the Complaint are admitted upon information and belief .

2. The allegations in Paragraph 2 of the Complaint are admitted.

3. The allegations in Paragraph 3 of the Complaint are admitted.

4. The allegations in Paragraph 4 of the Complaint are denied.

5. The allegations in Paragraph 5 of the Complaint are admitted.

## FACTS

6. The allegations in Paragraph 6 of the Complaint are admitted in part. It is admitted upon information and belief that Plaintiffs booked a trip scheduled for August 19, 2024 through September 7, 2024. Defendants National Union, AIG Claims, and Travel Guard lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6 of the Complaint, therefore those remaining allegations are denied.

7. The allegations in Paragraph 7 of the Complaint are admitted in part. It is admitted that Plaintiffs purchased a travel insurance plan (the "Plan") on or about March 27, 2024. It is further admitted that the underwriter for the Plan was Defendant National Union; National Union's administrator for claims arising under the Plan was Defendant AIG Claims; the licensed producer of the Plan was Defendant Travel Guard; and the Plan was purchased from Defendant Travel Guard through Defendant Travel Planners International, Inc ("Travel Planners"). Allegations inconsistent with the foregoing, and all other allegations of Paragraph 7 of the Complaint, are denied.

8. Defendants National Union, AIG Claims, and Travel Guard lack sufficient knowledge or information to admit or deny the allegations in Paragraph 8, including all subparts, of the Complaint, therefore those allegations are denied.

9. The allegations in Paragraph 9 of the Complaint are admitted in part. It is admitted that on August 24, 2024, Plaintiff Gregory Stuart initiated a claim for Trip Cancellation benefits due to illness. Allegations inconsistent with the foregoing, and all other allegations of Paragraph 9 of the Complaint, are denied.

## CAUSES OF ACTION

10.     The allegations in Paragraph 10 of the Complaint are admitted in part. It is admitted that the underwriter for the Plan was Defendant National Union; National Union's administrator for claims arising under the Plan was Defendant AIG Claims; the licensed producer of the Plan was Defendant Travel Guard; and the Plan was purchased from Defendant Travel Guard through Defendant Travel Planners. Allegations inconsistent with the foregoing, and all other allegations of Paragraph 10 of the Complaint, are denied.

11.     In response to the allegations in Paragraph 11 in the Complaint, Defendants National Union, AIG Claims, and Travel Guard state that the Plan's terms, conditions, definitions, and exclusions stand on their own and must be read as a whole. Defendants National Union, AIG Claims, and Travel Guard deny any allegations in Paragraph 11 inconsistent with the terms, conditions, definitions, and exclusions of the Plan. Defendants National Union, AIG Claims, and Travel Guard further deny that any amount is owed under the Plan and deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

12.     In response to the allegations in Paragraph 12 in the Complaint, Defendants National Union, AIG Claims, and Travel Guard state that the Plan's terms, conditions, definitions, and exclusions stand on their own and must be read as a whole. Defendants National Union, AIG Claims, and Travel Guard deny any allegations in Paragraph 12 inconsistent with the terms, conditions, definitions, and exclusions of the Plan.

13.     In response to the allegations in Paragraph 13 in the Complaint, Defendants National Union, AIG Claims, and Travel Guard state that the Plan's terms, conditions, definitions, and exclusions stand on their own and must be read as a whole. Defendants National Union, AIG Claims, and Travel Guard deny any allegations in Paragraph 13 inconsistent with the terms,

conditions, definitions, and exclusions of the Plan. Defendants National Union, AIG Claims, and Travel Guard further deny that any amount is owed under the Plan and deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

14.    The allegations in Paragraph 14 of the Complaint are admitted in part. It is admitted that the underwriter for the Plan was Defendant National Union. The remaining allegations in Paragraph 14 are legal conclusions to which no response is required.

15.    The allegations in Paragraph 15 of the Complaint are denied.

16.    The allegations in Paragraph 16 of the Complaint are denied.

17.    The allegations in Paragraph 17 of the Complaint are admitted in part. It is admitted that National Union's administrator for claims arising under the Plan was Defendant AIG Claims. The remaining allegations in Paragraph 17 are legal conclusions to which no response is required.

18.    The allegations in Paragraph 18 of the Complaint are denied.

19.    The allegations in Paragraph 19 of the Complaint are denied.

20.    The allegations in Paragraph 20 of the Complaint are admitted in part. It is admitted that the licensed producer of the Plan was Defendant Travel Guard. The remaining allegations in Paragraph 20 are legal conclusions to which no response is required.

21.    The allegations in Paragraph 21 of the Complaint are denied.

22.    The allegations in Paragraph 22 of the Complaint are denied.

23.    The allegations in Paragraph 23 of the Complaint are admitted in part. It is admitted that the Plan was purchased from Defendant Travel Guard through Defendant Travel Planners. The remaining allegations in Paragraph 23 are legal conclusions to which no response is required.

24.    The allegations in Paragraph 24 of the Complaint are denied.

25.    The allegations in Paragraph 25 of the Complaint are denied.

In answering Plaintiffs' prayer for relief, Defendants National Union, AIG Claims, and Travel Guard deny that Plaintiffs are entitled to the relief requested or to any relief.

## AFFIRMATIVE AND OTHER ADDITIONAL DEFENSES

Defendants National Union, AIG Claims, and Travel Guard set forth the following additional defenses to Plaintiffs' Complaint:

1.    Defendants National Union, AIG Claims, and Travel Guard deny each and every allegation contained in the Complaint which is not specifically admitted herein.

2.    The Complaint fails, in whole or in part, to state a claim against Defendants National Union, AIG Claims, and/or Travel Guard upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

3.    Defendant AIG Claims is not an insurer, it did not issue the Plan that is the subject of the Complaint, it is not a party to the Plan, and it has no privity of contract with Plaintiffs. With respect to Plaintiffs' insurance claim and the activities alleged in the Complaint, Defendant AIG Claims acted solely as the claims administrator for Defendant National Union, the insuring entity that issued the Plan to Plaintiffs. Therefore, under applicable law, Defendant AIG Claims cannot be liable to Plaintiffs for breach of contract or "bad faith."

4.    Defendant Travel Guard is not an insurer, it did not issue the Plan that is the subject of the Complaint, it is not a party to the Plan, and it has no privity of contract with Plaintiffs. With respect to Plaintiffs' insurance claim and the activities alleged in the Complaint, Defendant Travel Guard acted solely as the licensed producer of the Plan. Therefore, under applicable law, Defendant Travel Guard cannot be liable to Plaintiffs for breach of contract or "bad faith."

5.    Plaintiffs' claims may be barred, in whole or in part, because coverage for Plaintiffs' losses is specifically excluded because the cancellation was due to a Pre-Existing Medical Condition. *See* Plan, Sections II-IV.

6.    Plaintiffs' claims may be barred, in whole or in part, because coverage for Plaintiffs' losses is specifically excluded because Plaintiffs did not qualify for a Pre-Existing Medical Condition Exclusion Waiver. *See* Plan, Sections II-IV.

7.    Plaintiffs' claims may be barred, in whole or in part, to the extent Plaintiffs seek payment for costs that are not covered under the terms of the Plan, or that exceed the Plan's applicable limit(s) or sublimit(s) of insurance.

8.    Defendants National Union, AIG Claims, and Travel Guard assert as a defense and rely on all provisions of the Plan, regardless of whether the provision is specifically referenced in this Answer, and Defendants National Union, AIG Claims, and Travel Guard reserve the right to assert additional defenses and to disclaim coverage on any grounds.

9.    The Complaint fails, in whole or in part, to state a claim against Defendants National Union, AIG Claims, and Travel Guard under Tenn. Code. Ann. § 56-7-105, because Defendants National Union, AIG Claims, and Travel Guard did not unreasonably deny Plaintiffs' insurance claim.

10.    At all times, Defendants National Union, AIG Claims, and Travel Guard have acted appropriately and in good faith and in compliance with the provisions of the Tennessee Code, Annotated and other applicable provisions of law.

11.    To the extent applicable as shown by discovery Defendants rely on all available defenses under Tenn. Code. Ann. § 56-7-105.

12.     Plaintiffs' claims for alleged common law and/or statutory "bad faith" should be bifurcated and tried separately (to the extent any trial is necessary) from all other claims asserted in this action. Fed. R. Civ. P. 42(b). In addition, discovery should be stayed with respect to Plaintiffs' bad faith claims pending resolution of Plaintiffs' claims for breach of contract.

13.     Plaintiffs' claims against Defendants National Union, AIG Claims, and Travel Guard are barred because Defendants National Union, AIG Claims, and Travel Guard have not caused any damage to Plaintiffs.

14.     To the extent applicable as shown by discovery, Defendants National Union, AIG Claims, and Travel Guard rely on the defenses contained in Fed. R. Civ. P. 8(c)(1) and Fed. R. Civ. P. 12(b).

15.     At all times, Defendants have acted appropriately and in good faith, and in compliance with the provisions of the Tennessee Revised Statutes and all other applicable provisions of law.  Defendants specifically deny that they improperly delayed responding to communications or making payments when due.  Defendants have not acted with the type of conduct, under Tennessee law, to allow Plaintiffs to seek recovery of extracontractual damages for "bad faith," under common law or otherwise.

16.     Plaintiff's claims for extracontractual damages fail because the Complaint does not allege any facts, and Plaintiff cannot identify any evidence, to show that AIG Property Casualty Company (or the other Defendants) lacked a reasonable basis in law or in fact for denying any payments to Plaintiff.

17.     Plaintiff's claims for extracontractual damages fail because the Complaint does not allege any facts, and Plaintiff cannot identify any evidence, to show that AIG Property Casualty Company (or the other Defendants) acted in bad faith.

18.    To the extent applicable as shown by discovery, Defendants rely on the defenses
contained in Fed. R. Civ. P. 8(c)(1) and Fed. R. Civ. P. 12(b).

19.    Defendants National Union, AIG Claims, and Travel Guard reserve the right to
amend their Answer and to add defenses, affirmative or otherwise, and to make appropriate
counterclaims or third-party claims which may be discovered to be applicable.

**WHEREFORE,** Defendants National Union, AIG Claims, and Travel Guard respectfully
demand that judgment be entered as follows:

(1)    Dismissing the Complaint and denying all relief sought by Plaintiffs against
Defendants National Union, AIG Claims, and Travel Guard;

(2)    Awarding Defendants National Union, AIG Claims, and Travel Guard their costs;

(3)    A Trial by jury for all issues so triable; and

(4)    Awarding Defendants National Union, AIG Claims, and Travel Guard any and all
other relief to which they may appear to be entitled.


Respectfully submitted,


*/s/ Elle G. Kern*
Elle G. Kern (BPR 034301)
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN  37201
615-251-5550 Telephone
615-251-5551 Facsimile
ekern@fbtlaw.com

*Attorneys for Defendants National Union, AIG
Claims, and Travel Guard*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, a true and correct copy of the foregoing was served

by ECF/CM to:

David W. Camp
CAMP & CAMP, PLLC
403 North Parkway, Suite 201
Jackson, Tennessee 38305
(731) 664-4499
david@campattorney.net

*Attorneys for Plaintiffs*

And via U.S. Mail to:

Travel Planners International, Inc.
1740 Fennell Street
Maitland, Florida 32751

    */s/ Elle G. Kern*
    *Counsel for National Union Fire Insurance*
    *Company of Pittsburgh PA, AIG Claims,*
    *Inc., and Travel Guard Group, Inc.*

0120907.0811593   4915-4886-0015v1