UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
AT JACKSON

| | |
|---|---|
| GREGORY STUART and, <br> DENISE STUART, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE <br> INSURANCE COMPANY OF <br> PITTSBURGH PA, <br> AIG CLAIMS, INC., TRAVEL <br> PLANNERS INTERNATIONAL, INC., <br> and TRAVEL GUARD GROUP, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:25-cv-01221-STA-jay <br> ) <br> ) JURY DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RESPONSE OF DEFENDANTS NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH PA, AIG CLAIMS,
INC., AND TRAVEL GUARD GROUP, INC. IN OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND (Doc. 8)**

Defendants National Union Fire Insurance Company of Pittsburgh PA ("National Union"), AIG Claims, Inc. ("AIG Claims"), and Travel Guard Group, Inc. ("Travel Guard") respectfully submit the following Response in Opposition to Plaintiffs' Motion to Remand (Doc. 8):

**I.      INTRODUCTION**

Defendants National Union, AIG Claims, and Travel Guard filed a Notice of Removal, based on diversity jurisdiction, in this matter on September 15, 2025. (*Se*e Doc. 1). Plaintiffs' Motion to Remand argues that removal was improper due to a lack of diversity because Defendant Travel Planners International, Inc. ("Travel Planners International") is a Tennessee corporation. In support of their argument that Travel Planners International is a Tennessee corporation, Plaintiffs contend:

> [A]t the time of the filing of the State Court Action a search was conducted with the Tennessee Secretary of State. That the Tennessee Secretary of State showed that the only business entity named Travel Planners International, Inc. is a domestic corporation in the State of Tennessee with its' registered agent for service of process being Ronnie Reiter Kendrick, 6074 Apple Tree Dr. 2, Memphis, TN 38115. The search also revealed that there was no listing of any other entity named Travel Planners International Inc. registered to do business in the State of Tennessee or being listed with the Tennessee Secretary of State.

(Doc. 8-1, ¶ 3). Plaintiffs' contention relies on two erroneous assumptions: (1) that there cannot be more than one entity with the same name; and (2) that all existing entities are registered with the Tennessee Secretary of State.

As established by the attached supporting Declaration of Ken Galgiano, Chief Executive Officer of Travel Planners International, Inc., the only entity named "Travel Planners International, Inc." which was involved in the underlying facts of this case, is a Florida corporation with a principal office in Florida. There is complete diversity of citizenship and Plaintiffs' Motion to Remand should be denied.

II.     **RELEVANT FACTS**

The Florida Travel Planners International entity was the agency of record for the travel insurance plan ("Policy") purchased to cover the trip booked by Gregory Stuart and Denise Stuart departing August 19, 2024 and returning September 7, 2024. (Declaration of K. Gagliano, ¶ 6). Travel Agent Jason Rhen referred the business to the Florida Travel Planners International entity. (*Id.* at ¶ 7). A Tennessee corporation also named "Travel Planners International, Inc." had no involvement with the Policy, including the purchase of the Policy. (*Id.* at ¶ 10).

The Florida Travel Planners International entity is a Florida corporation that was formed in 1992. (*Id.* at ¶ 3). The Florida Travel Planners International entity maintains its principal office at 1740 Fennell Street, Maitland, Florida 32751 and has maintained its principal office at this

address since 2015. (*Id.* at ¶ 4). The Florida Travel Planners International entity has no knowledge of, or relation to, a Tennessee corporation also named "Travel Planners International, Inc." (*Id.* at ¶ 8). The Florida Travel Planners International entity has no knowledge of, or relation to, a person named "Ronnie Reiter," who Plaintiffs allege is Travel Planners International's Agent for Service of Process for the Tennessee entity in paragraph 4 of the Complaint. (*Id.* at ¶ 9).

### III.   ARGUMENT

**A. Removal Was Proper Because There Was Complete Diversity of Citizenship.**

"Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). "[I]n order for a defendant to remove a case to federal court under 28 U.S.C. § 1441 based on diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed." *Jackson v. Cooper Tire & Rubber Co.*, 57 F. Supp. 3d 863, 866 (M.D. Tenn. 2014). For purposes of removal, a corporation is deemed to be a citizen of the state where it was incorporated and every state where it maintains a principal place of business. *See* 28 U.S.C.A. § 1332(c)(1).

Here, the Plaintiffs are and were at all relevant times, including at the time of commencement of the State Court Action and at the time of filing of this Notice of Removal, citizens and residents of Tennessee. (*See* Doc. 1-2, ¶ 1). None of the Defendants named in this action are citizens of Tennessee. National Union is and was at all relevant times, including the at time of commencement of the State Court Action and at the time of removal, a corporation organized under the laws of Pennsylvania, with its principal place of business in New York. AIG Claims is and was at all relevant times, including at the time of commencement of the State Court Action and at the time of removal, a corporation organized under the laws of Delaware, with its

3

principal place of business in New York. Travel Guard is and was at all relevant times, including at the time of commencement of the State Court Action and at the time of removal, a corporation organized under the laws of Wisconsin, with its principal place of business in Wisconsin. The Florida Travel Planners International, Inc. entity which was the agency of record for the Policy, and was the only entity with that name that had any involvement with the Policy, is and was at all relevant times, including at the time of commencement of the State Court Action and at the time of removal, a corporation organized under the laws of Florida, with its principal place of business in Florida. (*See* Declaration of K. Gagliano, ¶¶ 3-4, 6, 10). There was complete diversity of citizenship both when the case was commenced and when the removal was filed. The Court has diversity jurisdiction over this matter.

  **B. The Tennessee Travel Planners International Entity Cannot Defeat Diversity Under the Doctrine of Fraudulent Joinder.**

  The Sixth Circuit "has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "Under the doctrine of fraudulent joinder, the citizenship of a defendant who has been fraudulently joined should be disregarded when determining whether a federal court has diversity jurisdiction." *Jackson v. Cooper Tire & Rubber Co.*, 57 F. Supp. 3d 863, 867 (M.D. Tenn. 2014) "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, at 493.

  Here, Plaintiffs' Complaint includes claims for breach of contract and bad faith against Defendants related to the Policy. (*See* Doc. 1-2). The Tennessee Travel Planners International entity had no involvement with the Policy, including the purchase of the Policy. (Declaration of K. Gagliano, ¶ 10). In addition, based on a search of the Tennessee Secretary of State website, the

4

Tennessee Travel Planners International entity has a status of "Inactive – Dissolved (Administrative)" and the dissolution entry in the entity history is dated "9/21/2001." Plaintiffs could not establish as cause of action against the Tennessee Travel Planners International entity because this entity had no involvement with the Policy at issue and has not been active since 2001. The Tennessee Travel Planners International entity was fraudulently joined and its citizenship shall not be considered for purposes of diversity jurisdiction.

### IV.  CONCLUSION

As established above, there is and was complete diversity of citizenship at all relevant times. To the extent that Plaintiffs seek to destroy diversity based on the citizenship of the dissolved Tennessee Travel Planners International entity, this argument fails because that entity was fraudulently joined in this matter. Its citizenship shall not defeat removal on diversity grounds. Plaintiffs' Motion to Remand should be denied.

Respectfully submitted,

*/s/ Elle G. Kern*
Elle G. Kern (BPR 034301)
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN  37201
615-251-5550 Telephone
615-251-5551 Facsimile
ekern@fbtlaw.com

*Attorneys for Defendants National Union, AIG Claims, and Travel Guard*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16th, 2025, a true and correct copy of the foregoing was served by ECF/CM to:

David W. Camp
CAMP & CAMP, PLLC
403 North Parkway, Suite 201
Jackson, Tennessee 38305
(731) 664-4499
david@campattorney.net

*Attorneys for Plaintiffs*

And via U.S. Mail to:

Travel Planners International, Inc.
1740 Fennell Street
Maitland, Florida 32751

                                    /s/ Elle G. Kern
                                    *Counsel for National Union Fire Insurance Company of Pittsburgh PA, AIG Claims, Inc., and Travel Guard Group, Inc.*

0120907.0811593   4935-5507-9794v3

0120907.0811593   4933-1956-1837v5