## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **GREGORY STUART and DENISE STUART,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No. 1:25-cv-01221-STA-jay** |
| ) | |
| **NATIONAL UNION FIRE INSURANCE** ) | |
| **COMPANY OF PITTSBURGH PA;** ) | |
| **AIG CLAIMS, INC.; TRAVEL PLANNERS** ) | |
| **INTERNATIONAL, INC.; and** ) | |
| **TRAVEL GUARD GROUP, INC.;** ) | |
| ) | |
| **Defendants.** ) | |

---

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND

---

Before the Court is Plaintiffs Gregory Stuart and Denise Stuart's Motion to Remand (ECF No. 8) filed on October 2, 2025. Defendants National Fire Insurance Company of Pittsburgh PA; AIG Claims, Inc.; Travel Planners International, Inc.; and Travel Guard Group, Inc. have responded in opposition.[1] For the reasons set forth below, Plaintiffs' Motion to Remand is **DENIED**.

### BACKGROUND

On August 5, 2025, Plaintiffs filed their Complaint (ECF No. 1-2) in the Circuit Court for Madison County, Tennessee. Plaintiffs allege that they planned a trip and purchased travel insurance to cover any costs in the event they were forced to cancel their travel plans. Plaintiff Gregory Stuart subsequently unexpectedly underwent double bypass surgery. As a result of Mr. Stuart's surgery, Plaintiffs had to cancel their travel. Plaintiffs allege Defendants have failed to honor the terms of the

---

[1] On October 17, 2025, Plaintiffs filed a motion for leave to file a reply brief (ECF No. 11). The Court denied the request without prejudice for failure to include a certificate of consultation. Plaintiffs did not renew their motion, and the time to do so has now passed. Local R. 7.2(c) (allowing reply briefs only with permission from the Court and on motion filed within seven days from the non-moving party serving the moving party with its response).

travel insurance purchased by Plaintiffs.  Plaintiffs therefore allege a claim for breach of the insurance policy and seek an award of Tennessee's statutory bad faith penalty. The Complaint contains jurisdictional allegations about the citizenship of the parties.  According to the Complaint, Plaintiffs are citizens of Tennessee.  All Defendants are either insurance companies or foreign corporations doing business in the State of Tennessee, except Defendant Travel Planners International, Inc. Plaintiffs alleges that Travel Planners International is a Tennessee corporation with its registered agent for service of process in Memphis, Tennessee.

Defendants filed a Notice of Removal (ECF No. 1) and removed the action to this Court on September 15, 2025.  According to the Notice of Removal, Travel Planners International is a Florida corporation with its principal place of business in the State of Florida.  Notice of Removal ¶ 15. Because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, Defendants allege that the Court has original subject matter jurisdiction, meaning the case could have been originally filed in federal court.

In their Motion to Remand, Plaintiffs challenge Defendants' removal of the case to federal court.  According to Plaintiffs, their Complaint alleges Travel Planners International is a Tennessee corporation.  Plaintiffs argue that at the time they prepared their Complaint, an inquiry with the Tennessee Secretary of State showed that the only business entity registered with the State of Tennessee and using the name "Travel Planners International, Inc." was a domestic corporation. Although the Notice of Removal asserts that Travel Planners International is a Florida corporation, no such company is registered to do business in the State of Tennessee.  At the time of removal, Plaintiffs had not yet served Travel Planners International.  Plaintiffs argue then that removal based on Defendants' allegation of corporate citizenship was improper.  Therefore, the Court should remand the case to state court.

Defendants have responded in opposition. Defendants suppose that Plaintiffs' argument for remand assumes two erroneous facts: that there cannot be more than one corporation with the same name and that all existing corporations are registered with the Tennessee Secretary of State. Defendants maintain that the company known as "Travel Planners International, Inc." which was involved in the sale of Plaintiffs' travel insurance is actually a Florida corporation. Defendants have offered in support of their claim the declaration of Ken Gagliano, Chief Executive Officer of Travel Planners International, Inc. The Gagliano declaration shows that the only entity named "Travel Planners International, Inc." involved in the underlying sale of travel insurance to the Stuarts was a Florida corporation with its principal place of business in Florida. Defendants argue they have carried their burden to establish complete diversity of citizenship among the parties. The Court should conclude then that it has subject matter jurisdiction over the case, meaning Defendants' removal to federal court was proper.

## <u>STANDARD OF REVIEW</u>

"When a plaintiff files a case in state court that could have been brought in a federal district court, a defendant may invoke the removal statute, 28 U.S.C. § 1441, to secure a federal forum." *Jarrett-Cooper v. United Airlines, Inc.*, 586 F. App'x 214, 215 (6th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005)). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 518 (6th Cir. 2012) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Pursuant to 28 U.S.C. § 1332(a), federal courts have subject matter jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000" and the parties are citizens of different states. 28 U.S.C. § 1332(a); *Fritz Dairy Farm, LLC v. Chesapeake Exploration, LLC*, 567 F. App'x 396, 398 (6th Cir. 2014). Diversity of citizenship must be complete, meaning "no plaintiff can be the citizen of the same State as any defendant." *Exact Software N. Am.,*

*Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). The burden to establish the existence of federal jurisdiction by a preponderance of the evidence rests with the removing party. *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 409 (6th Cir. 2024) (citation omitted).

## ANALYSIS

The issue presented in Plaintiffs' Motion to Remand is whether Defendants have carried their burden to show the Court has original jurisdiction over the case or controversy between the parties. The Court holds that they have, both as a matter of pleading and through an evidentiary submission to oppose Plaintiff's Motion to Remand. "Where a defendant removes a case to federal court, he must make a 'short and plain statement of the grounds for removal.'" *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (quoting 28 U.S.C. § 1446(a)). The notice of removal need only contain "a plausible allegation" of diversity of citizenship and amount in controversy. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Here, the parties only dispute the citizenship of one of the corporate Defendants, Travel Planners International. A notice of removal must allege both a corporation's state of incorporation and its principal place of business to support its allegations about the corporation's citizenship. *Kelly v. Metro. Grp. Prop. & Cas. Ins. Co.*, 810 F. App'x 377, 379 (6th Cir. 2020) (citing *McGhee v. Hybrid Logistics, Inc.*, 599 F. App'x 259, 259 (6th Cir. 2015) (per curiam)).

The Court holds that Defendants' Notice of Removal properly alleges that Travel Planners International is a corporation with its citizenship in the State of Florida. The Notice alleges that Travel Planners International is incorporated under the laws of Florida and has its principal place of business in the State of Florida. These allegations show that Travel Planners International is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332 and establish a complete diversity of citizenship among the parties.

What is more, as the party with the burden of proof, Travel Planners International has adduced evidence in response to Plaintiffs' Motion to Remand as further support for its claim. Defendants have introduced a declaration from the CEO of Travel Planners International. This is a permissible means of proving up a disputed jurisdictional fact. *Bray*, 97 F.4th at 409 (noting a district court's "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts") (citation omitted).[2] According to the Gagliano declaration (ECF No. 10-1), Travel Planners International "was the agency of record for the travel insurance plan ("Policy") purchased to cover the trip booked by Gregory Stuart and Denise Stuart departing August 19, 2024 and returning September 7, 2024." Gagliano Decl. ¶ 6. The declaration also asserts that Defendant is organized under the laws of the State of Florida and has its principal place of business in Maitland, Florida. *Id*. ¶¶ 3, 4. This is enough to establish the parties' complete diversity of citizenship and confirm the Court's subject matter jurisdiction over the case.

Plaintiffs counter that according to the Tennessee Secretary of State, the only corporation registered to do business in the State of Tennessee under the name "Travel Planners International, Inc." is a Tennessee corporation. Plaintiffs' point is true as far it goes. Defendants concede that such a corporation is registered in Tennessee as a domestic corporation, though it appears the corporation is no longer active. And it is true that foreign corporations must obtain a certificate of authority from the Tennessee Secretary of State before transacting business in the state. Tenn. Code Ann § 48–25–101(a). It is also the case, though, that Tennessee exempts broadly defined categories of activity from

---

[2] The Court notes for the record that the other corporate Defendants jointly filed a Corporate Disclosure Statement (ECF No. 2) in conjunction with the filing of their Notice of Removal. Federal Rule of Civil Procedure 7.1(a) requires such a statement, which "facilitate[s] an early and accurate determination of jurisdiction," which in turn "protect[s] against the waste that may occur upon belated discovery of a diversity-destroying citizenship." *US Framing International LLC v. Continental Building Company*, 134 F.4th 423, 428 (6th Cir. 2025) (quoting Fed. R. Civ. P. 7.1(a)(2), advisory committee's note to 2022 amendment). Travel Planners International did not join in the Corporate Disclosure Statement.

the definition of "transacting business," including "selling through independent contractors" and "transacting business in interstate commerce," meaning a foreign corporation is not necessarily required to obtain a certificate of authority before engaging in these types of activities. *See* § 48–25–101(b)(5) & (b)(11). This is not to say Travel Planners International, Inc. was exempt from any registration requirement before doing business in the State of Tennessee. That is a question the Court need not reach in order to decide Plaintiffs' Motion to Remand. Suffice it to say, a foreign corporation's failure to register does not tend to prove where the corporation has its citizenship for purposes of §1332.

One final point merits discussion. Defendants argue as part of their opposition to the Motion to Remand that Plaintiffs cannot fraudulently join the inactive Tennessee corporation known as "Travel Planners International, Inc." in an effort to defeat diversity jurisdiction. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). A defendant is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Id.* (quoting *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994)). The Court has no reason to find that Plaintiffs have fraudulently joined the Tennessee corporation known as "Travel Planners International, Inc." Plaintiffs have asserted that their search of the business entity filings led them to the company and that they filed suit against the company under the apparent belief that it was the corporation which sold them their travel policy. Defendants have come forward with proof to show that the company involved in the Plaintiffs' case was a Florida corporation operating under the same name. Without something more, the Court does not find that this is a case of fraudulent joinder.

## <u>CONCLUSION</u>

Defendants have carried their burden at the pleadings stage to show that there is complete diversity of citizenship among the parties. Having determined that the Court has subject matter jurisdiction over the case, Defendants' removal from state court was proper. Therefore, Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 17, 2025.