UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

INSTRUCTIONS CONCERNING RULE 16(b) SCHEDULING CONFERENCE

I. **DUTY TO CONFER**

Prior to the scheduling conference, counsel are required to consult regarding schedules for completion of discovery, filing of motions, trial and pretrial activities and other matters addressed in these instructions. A Joint Proposed Scheduling Order shall be submitted to the Court's e-mail box **at least three (3) days prior** to the scheduling conference. **Submission and approval of the proposed Scheduling Order WILL NOT cancel the conference.**

E-mail address:  ECF_Judge_Anderson@tnwd.uscourts.gov

II. **ATTENDANCE REQUIRED**

The attendance of all unrepresented parties and lead trial counsel for each represented party is required at the scheduling conference; the unrepresented parties and counsel must be prepared to address any pending motions or motions which may be raised orally at the conference. Failure to appear may result in the imposition of sanctions. (See VII.)

*Out-of-town counsel whose offices are located more than thirty (30) miles from the Courthouse may request permission from the Court to handle the conference by telephone, provided the request is made at least THREE (3) days prior to the date of the hearing.*

The request, which must include the names and telephone numbers of all participants requesting to appear by telephone, must be made via email to the Case Manager: Maurice_Bryson@tnwd.uscourts.gov .

The conference call for the scheduling conference will be initiated by the case manager. Local counsel are expected to appear in-person for the hearing.

III. **RULE 26(f) CONFERENCE**

Fed.R.Civ.P. Rule 26(a)(1) & (2) and Rule 26(f) will be enforced. Therefore, in accordance with Fed.R.Civ.P. 26(f), the parties shall, at least 21 days prior to the Rule 16(b) scheduling conference, meet for discussions in accordance with Rule 26(f) and for the purpose of preparing a proposed discovery plan. The parties shall file a written report outlining the proposed discovery plan at least three (3) days prior to the first conference. Counsel should refer to Form 52, Appendix of Forms to Fed.R.Civ.P., for a checklist of items to be discussed at the Rule 26(f) meeting and included in the written report. Moreover, within 14 days of the 26(f) meeting (i.e. at least seven

(7) days prior to the scheduling conference), the parties[1] shall make disclosure pursuant to Rule 26(a)(1) without formal discovery requests. Counsel are further advised that, absent any agreement of the parties, no formal discovery demand may issue pending the meeting under Rule 26(f). Unless the parties stipulate otherwise, the number of interrogatories will be limited to 25 in accordance with Fed.R.Civ.P. 33, and the number of depositions will be limited to ten (10) in accordance with Fed.R.Civ.P. 30.

### IV. REQUEST FOR EXEMPTION FROM RULE 26

Parties wishing to request that they not be required to comply with provisions of Rule 26(a) or (f) of the Federal Rules of Civil Procedure must adhere to the following procedure in making the request. Requests are to be made by motion in writing in compliance with the Local Rules of this Court. Requests for exemption from the disclosure provisions of Rule 26(a) must be made at least ten (10) days before the date disclosure is required by the rule. Requests for exemption from the Rule 26(f) meeting requirements must be made at least seven (7) days before the date scheduled for the meeting or, if the parties have scheduled no meeting, at least 21 days before the date of the scheduling conference.

### V. SUBJECTS AT CONFERENCE

Generally, at the scheduling conference, the following subjects will be addressed:

1. The status of the case, the general nature of the claims and defenses, issues in the case, potential use of experts and mediation;

2. Jurisdictional and statute of limitations issues (all jurisdictional questions or timeliness questions should be reviewed in advance of the scheduling conference and, if motions have not already been filed, the Court should be advised at the scheduling conference that there are preliminary matters which require early disposition);[2]

3. Setting of all deadlines for filing preliminary motions, the establishment of all deadlines for discovery (including disclosure of expert witness information where appropriate), the establishment of final deadlines for filing pretrial motions (including all motions for summary judgment), joining parties, amending pleadings, the establishment of pretrial conference and trial dates, and the establishment of any other appropriate deadlines. The Court expects to set a definite trial date for this case which does not conflict with criminal case settings. The trial date will be consistent with the particular needs of this case and will be no later than eighteen months from the date of filing, unless the Court certifies that

---

[1] Except for parties in *pro se* prisoner litigation.
[2] Similarly, questions of class certification, qualified immunity, or conflict of interest should be raised at the first possible occasion and no later than the initial Rule 16(b) scheduling conference.

    the Court's calendar does not so permit or the complexity of the case requires a later setting.

4. The desire of the parties to consent to all further proceedings in the case being handled by the magistrate judge in accordance with 28 U.S.C. 636(c) (including entry of final judgment, with any appeal directly to the Sixth Circuit Court of Appeals);

5. The possibility of settlement, position regarding settlement, and the desire of the parties to utilize alternative dispute resolution, including the private mediation program plan, or whether the parties request a referral to the magistrate judge for a settlement conference; (The parties shall be required to engage in mediation prior to trial unless expressly excused from doing so by the Court.)

6. Status of all document discovery (parties are encouraged to promptly exchange core document information and, when necessary, to promptly issue requests for production of documents and subpoenas duces tecum to third parties);

7. Any anticipated discovery problems (i.e., the necessity of protective orders, the necessity of inspection of facilities, witness unavailability, delays which may be occasioned because of an individual s physical or mental condition, etc.);

8. Estimated trial time, and any special issues anticipated in connection with trial; and

9. Any pending motions or motions which may be raised orally at the conference.

## VI.    ORDER TO BE ENTERED

An order will be entered reflecting the results of the scheduling conference. The order will include deadlines for filing motions, completing discovery, mediation and the establishment of pretrial conference and trial dates. Attached as Exhibit A to this notice is a Form Rule 16(b) Scheduling Order which counsel should use as a proposed order after developing appropriate agreed-upon deadlines.

## VII.    SANCTIONS FOR FAILURE TO APPEAR

Failure to appear at the scheduling conference, or to comply with the directions of the Court set forth herein, may result in an *ex parte* hearing being held and the entry of such order as is just, including a judgment of dismissal with prejudice or entry of a default judgment, or other appropriate sanctions, such as attorney's fees and expenses of opposing counsel, without further notice to the party who fails to appear.