UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
AT JACKSON

| | |
|---|---|
| GREGORY STUART and, <br> DENISE STUART, <br> <br> Plaintiffs, <br> <br> v. <br> <br> NATIONAL UNION FIRE <br> INSURANCE COMPANY OF <br> PITTSBURGH PA, <br> AIG CLAIMS, INC., TRAVEL <br> PLANNERS INTERNATIONAL, INC., <br> and TRAVEL GUARD GROUP, INC., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:25-cv-01221-STA-jay <br> ) <br> ) **JURY DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT OF THE PARTIES' FED. R. CIV. P. 26(f) PLANNING MEETING**

Pursuant to this Court's November 17, 2025, Setting Letter [Doc. 14], the Parties participated in a telephonic Fed. R. Civ. P. 26(f) planning meeting on December 31, 2026. Present were David Camp, counsel for the Plaintiffs; as well as Chris Burnside and Elle Kern, counsel for Defendants National Union Fire Insurance Company of Pittsburgh PA, AIG Claims, Inc., and Travel Guard Group, Inc. (collectively, "Defendants").

1. **JURISDICTION AND VENUE.** Jurisdiction and venue are not in dispute. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332, because there exists complete diversity of citizenship between Plaintiffs (Tennessee citizens) and Defendants (citizens of Delaware, Florida, New York, Pennsylvania, and Wisconsin), pursuant to 28 U.S.C. § 1332(c)(1)). The damages at issue exceed $75,000.00. This Court is the proper venue to hear this dispute. 28 U.S.C. § 1441(a); 28 U.S.C. § 123(b)(1).

2. **BRIEF THEORIES OF THE PARTIES.**

    a) <u>Plaintiffs' Synopsis of Case</u>: Plaintiffs purchased a travel insurance plan on or about March 27, 2024 to cover the costs for a trip to Africa. That the plaintiffs were unable to take the trip and filed a claim in accordance with the terms under the travel insurance plan. The defendants denied the claim and refused to pay. That the refusal to pay the claim was in bad faith and the plaintiffs are seeking additional damages, including but not limited to attorney fees, in accordance with T.C.A. 56-7-105.

    b) <u>Defendants' Synopsis of Case</u>: Defendants deny that the insurance claim at issue was covered under the Policy. Additionally, Defendants believe that Plaintiffs' Complaint fails to state a claim against Defendants, under Tenn. Code. Ann. § 56-7-105, because Defendants did not unreasonably deny Plaintiffs' insurance claim based on Mr. Stuart's preexisting health condition.

3. **ISSUES RESOLVED.** The Parties have resolved all issues related to jurisdiction and venue.

The parties have also agreed that Plaintiffs' claim arising under Tenn. Code. Ann. § 56-7-105 should be bifurcated from Plaintiffs' underlying contractual claim, and that all discovery should be stayed on the statutory claim pending a resolution of the underlying insurance coverage dispute. All case management deadlines proposed herein are only with respect to the contractual insurance coverage issue.

Should an additional case-management schedule later become warranted for Plaintiffs' claim arising under Tenn. Code. Ann. § 56-7-105, the parties will confer and make an appropriate submission to the Court.

4. **ISSUES STILL IN DISPUTE.** Liability and damages.

5. **INITIAL DISCLOSURES.** Pursuant to Fed. R. Civ. P. 26(a)(1), the Parties will exchange initial disclosures on or before **January 9, 2026.**

6. **DISCOVERY PLAN.** The Parties propose the following discovery plan:

   a) Scope of Discovery: The Parties intend to conduct general written discovery and depositions of the Parties, experts, fact witnesses, and damage witnesses.

   b) Discovery Deadlines: The Parties shall commence discovery after the **January 8, 2026**, Scheduling Conference. All discovery shall be completed by **June 15, 2026**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

   c) Interrogatories: Pursuant to Fed. R. Civ. P. 33, a Party may submit a maximum of 25 interrogatories to the opposing Party. Responses to interrogatories shall be submitted no later than thirty days after service unless the Parties agree to extend this deadline.

   d) Requests for Production: Responses to requests for production shall be submitted no later than thirty days after service unless the Parties agree to extend this deadline.

   e) Electronic Discovery: Disclosure or discovery of electronically stored information should be handled as follows: all disclosures or discovery of electronically stored information will be Bates numbered, and emails shall be produced in their native form while all other electronic documents shall

3

    be produced in native or PDF form. As such, the default standards described in Local Rule 26.1(e) need not apply.

  f)  <u>Depositions</u>: At this time, the Parties are unsure as to how many depositions will be needed but will work together to comply with Fed. R. Civ. P. 30.

  g)  <u>Deposition Limits</u>: Pursuant to Fed. R. Civ. P. 30, depositions will be limited to seven hours per deposition.

  h)  <u>Expert Witnesses</u>: The Plaintiff shall identify and disclose all expert witnesses and expert reports by **April 16, 2026**. Defendants shall identify and disclose all expert witnesses and reports by **May 15, 2026**. Rebuttal experts shall be permitted only by leave of Court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). All expert witness depositions shall be completed by **June 15, 2026**.

  i)  <u>Fed. R. Civ. P. 26(e)</u>: Any supplementations under Fed. R. Civ. P. 26(e) shall be submitted by **June 15, 2026.**

7.  **OTHER ITEMS**.

  a)  <u>Amendments and Joinder</u>: The Parties will amend all pleadings and/or join any parties no later than **March 9, 2026.**

  b)  <u>Motions to Dismiss:</u> Motions to Dismiss shall be filed no later than **April 8, 2026**. Responses must be filed within 28 days after the motion is served. Briefs or memoranda of law in support of or in opposition to a motion to dismiss shall not exceed 20 pages. Optional replies may be filed within 14 days after the

4

    filing of the response and shall not exceed 10 pages without prior court approval.

c) <u>Dispositive Motions</u>: Dispositive motions shall be filed no later than **July 15, 2026**. Memoranda in support of a motion for summary judgment shall not exceed 20 pages without prior Court approval. The separate statement of material facts shall not exceed 10 pages without prior Court approval. Responses to dispositive motions shall be filed within 28 days after the filing of the motion or a responsive pleading is due, whichever is later. Memoranda in opposition to motions for summary judgment shall not exceed 20 pages without prior Court approval. A non-movant's statement of additional facts shall not exceed 5 pages without prior Court approval. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 7 pages.

d) <u>Prospect of Resolution</u>: The Parties will comply with all of the requirements of the ADR Plan. The Parties have agreed to use mediator John Burleson for a mediation attempt in this matter.

e) <u>Fed. R. Civ. P. 26(a)(3)(B) Disclosures</u>: Pursuant to Fed. R. Civ. P. 26(a)(3)(B), the Parties will submit witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists ("pretrial disclosures") no later than 30 days before trial.

f) <u>Objections under Fed. R. Civ. P. 26(a)(3)(B)</u>: Pursuant to Fed. R. Civ. P. 26(a)(3)(B), the Parties will file any objections within 14 days of receiving pretrial disclosures.

5

g) <u>Pretrial Conference</u>: The Parties request a pretrial conference approximately two weeks before trial.

h) <u>Trial</u>: The jury trial of this action is expected to last approximately 3 days. A trial date no earlier than **January 11, 2027** is respectfully requested.

Respectfully submitted,

*/s/ Elle G. Kern*
Elle G. Kern, No. 034301
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN  37201
615-251-5550 Telephone
615-251-5551 Facsimile
ekern@fbtlaw.com

*Counsel for National Union Fire Insurance Company of Pittsburgh PA, AIG Claims, Inc., and Travel Guard Group, Inc.*


*/s/ David W. Camp by EGK with permission*
David W. Camp, No. 013739
CAMP & CAMP, PLLC
403 North Parkway, Suite 201
Jackson, Tennessee 38305
(731) 664-4499 Telephone
david@campattorney.net

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all registered users, and I sent a true copy of the foregoing document and the notice of electronic filing by U.S. Mail to the following:

    David W. Camp
    CAMP & CAMP, PLLC
    403 North Parkway, Suite 201
    Jackson, Tennessee 38305
    (731) 664-4499
    david@campattorney.net

                                                  /s/ Elle G. Kern
                                                *Counsel for National Union Fire Insurance Company of Pittsburgh PA, AIG Claims, Inc., and Travel Guard Group, Inc.*

0120907.0811593   4912-2622-2214v1